Brian D. Chase, Esq. (SBN 164109)
bchase@bisnarchase.com
Ian M. Silvers, Esq. (SBN 247416)
isilvers@bisnarchase.com
**BISNAR | CHASE LLP**
1301 Dove Street, Suite 120
Newport Beach, CA 92626
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

Attorneys for Plaintiff and the Putative Class

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| ROBERT MILES, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>        vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., and DOES 1–50,<br><br>                Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

1.      Robert Miles ("Plaintiff"), by his undersigned counsel, brings this class action against Toyota Motor Sales, U.S.A., Inc. and Does 1-50 ("Toyota" or "Defendant"), on his own behalf as well as on behalf of similarly situated owners and lessees of Toyota Tacoma vehicles ("Class Vehicles") in. As detailed below, these Class Vehicles are defective in material or workmanship in that their Super White premium paint or Blizzard Pearl paint is defective (the "Paint Defect" or "Defective Paint"). A continuous, unintended, and undesired consequence of this paint material is that it peels.

2.      This was the fate of Plaintiff, whose 2017 Toyota Tacoma had this paint. The first incident occurred on or about August 3, 2020. This is when Plaintiff's Class Vehicle started showing signs of paint peeling.

3.      On or about August 21, Plaintiff took the Class Vehicle to a Toyota dealership. The Toyota dealership fixed only the damaged portions of his truck and did not fix all of the paint on the vehicle, which had the same Defective Paint. Toyota refused to cover under warranty the required repair and/or replacement of the paint to the whole truck.

4.      On or about September 11, 2020, Plaintiff's Class Vehicle begin to show paint peeling in the rear doors.

5.      On or about October 31, 2020, Plaintiff took the Class Vehicle to a Toyota dealership to have again the Class Vehicle repaired, but only the rear doors were repaired instead of repairing/replacing all of the Defective Paint.

6.      Then again in or about October 31, 2020, the truck begins showing pain peeling on the front right and left fenders, but again only those parts were repaired by Defendant.

7.      Each time the car was taken in and not fully repaired as addressed above, Plaintiff lost use of the vehicle and the value of the vehicle further

**PLAINTIFF'S CLASS ACTION COMPLAINT**

decreased.

8.    In or about June 12, 2023, the Class Vehicle was taken again to a Toyota dealership to have the front doors repaired due to paint peeling.  In addition, the body shop found many additional areas peeling so they finally decided to paint in addition the entire cab, and front doors, excluding the bed.

9.    Due to the above, Plaintiff now brings this action on behalf of himself and others as further addressed below.

## PARTIES

10.    Plaintiff at all relevant times resided in Santa Ana, California. Plaintiff leased the Class Vehicle on or about April 8, 2017, for $21,297.55 from Toyota Financial Services. At the end of the lease, Plaintiff purchased the Class Vehicle that had the above referenced paint .

11.    Toyota Motor Sales, U.S.A., Inc. is a Texas company with its headquarters and principal place of business in Plano, Texas.  Toyota sells and distributes vehicles to customers, which includes the Class Vehicle.

## JURISDICTION AND VENUE

12.    Defendant is within the jurisdiction of this Court in that it transacts millions of dollars of business in the State of California and in Orange County.

13.    Venue is proper in this County because Defendant has conducted substantial business in this County, Plaintiff resides in this County, and the transactions in question occurred in this County.

## PLAINTIFF'S FACTUAL ALLEGATIONS

### A. Toyota imported, distributed, and sold Class Vehicles with Paint Defect.

14.    Toyota sold and distributed these Class Vehicles to its network of authorized dealers in the United States. Toyota's authorized dealers then sold or leased the Class Vehicles to consumers, such as Plaintiff, with Paint Defect.

15.    The Paint Defect material chips and peels in the Class Vehicles.

**PLAINTIFF'S CLASS ACTION COMPLAINT**

16.    As a result of the Paint Defect in the Class Vehicles, buyers and lessees, such as Plaintiff, began to experience instances of paint peeling and hipping in their Class Vehicle.

17.    But when these consumers brought their Class Vehicles to the Toyota authorized dealers from which they purchased or leased their vehicles, the dealers—based on instructions from Toyota—refused to cover the repairs due to the defective paint. The cost to repair ranged from hundreds to thousands of dollars. The consumers had to pay out of their own pockets for the cost of repairs and incidental costs, such as renting a vehicle while the Class Vehicle was being repaired and the Defective Paint has decreased the value of the Class Vehicles. The damage caused by the Paint Defect has increased the cost of owning the Class Vehicles.

**B. Toyota knew about the Paint Defect and actively concealed it.**

18.    Before the sale or lease of the Class Vehicles, neither Toyota nor its authorized dealers disclosed or warned consumers that the Class Vehicles contained the Paint Defect. Plaintiff and other consumers had no way of knowing the Class Vehicles contained the Paint Defect before the sale or lease of the Class Vehicles because Toyota keeps the compositional makeup of its paint from the purview of the public.

**C. Plaintiff is the intended beneficiary to the contracts between Toyota and its authorized dealers.**

19.    Even though Plaintiff and members of the Classes did not purchase or lease the Class Vehicles directly from Toyota, they are third-party beneficiaries to the contracts between Toyota and its authorized dealers from which they purchased or leased their Class Vehicles. Toyota's authorized dealers are themselves agents of Toyota. The authorized dealers, who purchased the Class Vehicles from Toyota, were never intended to be the ultimate purchasers or lessees of the Class Vehicles. The intended ultimate purchasers or lessees of the Class Vehicles are Plaintiff and

**PLAINTIFF'S CLASS ACTION COMPLAINT**

the members of the Classes. Clearly the Toyota dealers would not make any profit if they held onto the Class Vehicles and did not sell or lease the Class Vehicles to Plaintiff and members of the Classes. In addition, the Toyota dealers passed on the warranties provided by Toyota under the New Car Warranty (the "NVLW") to the ultimate purchasers or lessees. The Toyota dealers had no rights or remedies under the NVLW provided with the Class Vehicles. The warranties under the NVLW were designed for and intended to benefit the ultimate purchasers and lessees. Indeed, the warranties in the NVLW did not begin, nor took effect, until the Class Vehicles were delivered to ultimate purchasers or lessees (i.e., Plaintiff and members of the Classes).

## CLASS ALLEGATIONS

20.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of a class and subclass defined as:

Class: All citizens who purchased or leased one or more of the Class Vehicles. (the "Class").

California Class: All California citizens who purchased or leased one or more of the Class Vehicles. (the "California Class").

21.    The proposed class and subclass satisfy Rule 23(a)(1) because, upon information and belief, they are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

22.    The proposed class and subclass are ascertainable because they are defined by reference to objective criteria. In addition, the proposed class and subclass are identifiable in that, upon information and belief, the names and addresses of all members of the proposed class and subclass can be identified in business records maintained by Defendants.

23.    The proposed class and subclass satisfy Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class and subclass.   Plaintiff's claims are typical of the claims of the class and subclass because Plaintiff purchased a Class Vehicle.

24.    Plaintiff satisfies Rule 23(a)(4) because they will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or irrevocably in conflict with the members of the class and subclass that they seek to represent.

25.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class.   Each individual member of the class may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.   Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.   Individualized litigation also presents a potential for inconsistent or contradictory judgments.   In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.   Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

26.    There will be no extraordinary difficulty in the management of this action as a class action.

27.    Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the class.

**PLAINTIFF'S CLASS ACTION COMPLAINT**

28.    Among the issues of law and fact common to the class:

a.  Whether Defendants provided Plaintiff and the class members with Defective Paint;

b.  Whether the Defective Paint would be considered material by a reasonable consumer;

c.  Whether Defendants had a duty to disclose the Defective Paint to Plaintiff and other class;

d.  Whether Defendants breached the express warranty by refusing to timely provide warranty coverage for the Defective Paint;

e.  Whether the Defective Paint diminished the value of the Class Vehicles;

f.  Whether the Defective Paint is capable of being repaired;

g.  Whether Defendants e breached their implied warranty obligations;

h.  Whether Plaintiff and the other class members are entitled to equitable relief, including but not limited to restitution or a preliminary and/or permanent injunction; and

i.  Whether Plaintiff and the other class members are entitled to damages and other monetary relief.

**FIRST CAUSE OF ACTION**
**(California's Consumer Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.* on behalf of the California Class)**

29.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

30.    Plaintiff brings this Cause of Action individually and on behalf of the Class and California Subclass.

31.    Plaintiff and class members are consumers who purchased a Class Vehicle from Defendants with the Defective Paint.  Accordingly, Plaintiff and Class members are "consumers" as that term is defined by the CLRA in *Cal. Civ.*

*Code § 1761(d)*.  Plaintiff and Class members are not sophisticated experts with independent knowledge of the formulation and effects of the Defective Paint.

32.    At all relevant times, the Class Vehicle constituted a "good" as that term is defined in *Cal. Civ. Code § 1761(a).*

33.    At all relevant times, Defendants were "persons" as that term is defined in *Cal. Civ Civ. Code § 1761(c)*.

34.    At all relevant times, Plaintiff's purchase of the Class Vehicle, and the purchases of the Class Vehicles by other Class members, constituted "transactions" as that term is defined in *Cal. Civ. Code § 1761(e)*.  Defendants' actions, inactions, representations, omissions, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of the Class Vehicles to consumers.

35.    The policies, acts, omissions, and practices described in this Complaint were intended to and did result in the sale of the Class Vehicles to Plaintiff and the Class.  Defendants' practices, acts, omissions, policies, and course of conduct violated the CLRA *§1750 et seq.* as described above.

36.    Defendants represented that the Class Vehicle had sponsorship, approval, characteristics, uses, and benefits which it did not have in violation of *Cal. Civ. Code § 1770(a)(5)*.  Defendants represented that the Class Vehicle was of a particular standard, quality or grade  when Defendants were aware it was of another, in violation of *Cal. Civ. Code § 1770(a)(7)*.

37.    Defendants violated California Civil Code §§ 1770(a)(5) and (a)(7) including by representing that the Class Vehicle's paint wouldn't chip in its normal suggest care, and that the Class Vehicle would allow Plaintiff and Class members to have a Class Vehicle with paint that would last, when in fact it was defective and did not allow for such.

38.    Defendants advertised the Class Vehicle with the intent not to sell it

as advertised in violation of *Cal. Civ. Code § 1770(a)(9)* of the CLRA. Defendants did not intend to sell the Class Vehicle as advertised because Defendants knew that the Class Vehicles' paint wouldn't last as promised.

39.    Plaintiff and Class members suffered injuries caused by Defendants' misrepresentations and omissions because: (a) Plaintiff and Class members would not have purchased the Class Vehicle or would not have paid as much for the Class Vehicle if they had known the true facts; (b) Plaintiff and Class members purchased the Class Vehicle due to Defendants' misrepresentations and omissions; and (c) the Class Vehicle did not have the level of quality, effectiveness, or value as promised.

40.    Plaintiff and the Class seek an order enjoining Defendants' unfair or deceptive acts or practices, equitable relief, an award of attorneys' fees and costs under *Cal. Civ. Code § 1780(e),* and any other just and proper relief available under the CLRA.

41.    Prior to the filing of this Complaint, a CLRA notice letter was served on Defendants which complies in all respects with *Cal. Civ. Code § 1782(a).* A true and correct copy of Plaintiff's letter is attached as Exhibit A. On May 17, 2023, Plaintiff sent Defendants a letter via certified mail, return receipt requested, advising Defendants that they are in violation of the CLRA and must correct, repair, replace, or otherwise rectify the goods alleged to be in violation of § 1770. In the event that the relief requested has not been provided within thirty (30) days, Plaintiff will amend this Complaint to include a request for damages pursuant to the CLRA.

42.    This cause of action seeks both injunctive relief and damages at this time. On May 17, 2023, Plaintiff sent Defendants a CLRA notice letter providing the notice required by California Civil Code § 1782(a). Plaintiff sent the letter via certified mail, return receipt requested, to Defendants' designated agent for service

of process located in Glendale, California, and its headquarters in Plano Texas, advising Defendant that it is in violation of the CLRA and must correct, replace or otherwise rectify the goods and/or services alleged to be in violation of § 1770. Defendants were further advised that in the event the relief requested has not been provided within thirty (30) days, Plaintiff will include a request for monetary damages pursuant to the CLRA. A true and correct copy of Plaintiff's letter is attached hereto as Exhibit A.

43.    Under Cal. Civ. Code § 1780(a), Plaintiff and Class members seek actual damages, an order enjoining Defendants from further engaging in the unfair and deceptive acts and practices alleged herein, and restitutionary relief to remedy Defendants' violations of the CLRA as alleged herein.

44.    Plaintiff further seeks an order awarding costs and attorneys' fees under Cal. Civ. Code § 1780(e), and any other just and proper relief available under the CLRA.

45.    Defendants did not make the appropriate correction, repair, replacement, or other remedy of the goods and services. Therefore, Plaintiff seeks monetary damages pursuant to the CLRA.

## SECOND CAUSE OF ACTION
**(California's False Advertising Law, Cal. Bus. & Prof. Code §§17500, *et seq.* on behalf of the California Class)**

46.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

47.    Plaintiff brings this Count individually and on behalf of the California Class.

48.    California's FAL (Bus. & Prof. Code §§17500, *et seq.*) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement,

concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

49.    Defendants committed acts of false advertising, as defined by the FAL, by using false and misleading statements, and material omissions, to promote the sale of the Class Vehicle, as described above, and including, but not limited to, representing that the Class Vehicle's paint would last as promised, when Defendants knew or should have known that use of the Class Vehicle's paint would not last as promised.

50.    Defendants knew or should have known, through the exercise of reasonable care, that their statements were untrue and misleading.

51.    Defendants' actions and omissions in violation of the FAL were false and misleading such that the general public is and was likely to be deceived.

52.    As a direct and proximate result of these acts and omissions, consumers have been and are being harmed.  Plaintiff and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendants' FAL violation because: (a) Plaintiff and Class members would not have purchased the Class Vehicle or would not have paid as much for it if they had known the true facts; (b) Plaintiff and Class members purchased the Class Vehicle due to Defendants' misrepresentations and omissions; and (c) the Class Vehicle's paint did not have the level of quality, effectiveness, or value as promised.

53.    Plaintiff brings this action pursuant to *Cal. Bus. & Prof. Code § 17535* for injunctive relief to enjoin the practices described herein and to require Defendants to issue corrective disclosures to consumers. Plaintiff and the Class are therefore entitled to: (a) an order requiring Defendants to cease the acts of

unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of its deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, *Cal. Code of Civ. Proc. §1021.5*.

## THIRD CAUSE OF ACTION

**(Song-Beverly Consumer Warranty Act For Breach Of Express Warranty Cal. Civ. Code §§ 1791.2 & 1793.2 *on behalf of the California Class*)**

54.    Plaintiff repeats and reallege the allegations above as if fully set forth herein.

55.    This claim is brought by the Plaintiff on behalf of himself and the California Class under the Song-Beverly Consumer Warranty Act ("SBCWA") for breach of express warranty. The Plaintiff and members of the California Class are "buyers" within the meaning of the SBCWA. *See* Cal. Civ. Code § 1791(b).

56.    The Class Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

57.    Toyota is a "manufacturer" within the meaning of Cal. Civ. Code § 1791(j). Plaintiff's and members of the California Class bought a Class Vehicle that included a Defective Paint manufactured and distributed by Defendants.

58.    As set forth in detail above, Defendants provided the Express Warranty to the Plaintiff and members of the California Class within the meaning of Cal. Civ. Code §§ 1791.2 and 1793.2 as set forth herein.

59.    As set forth above in detail, the Class Vehicles are defective because it's Defective Paint continuously chips and needs repainting and doesn't fulfill the lifespan as claimed by Defendants.

60.     Defendants' express warranties, and their affirmations of fact and promises made to Plaintiff and the C a l i f o r n i a  Class regarding the Class Vehicles, became part of the basis of the bargain between Defendants and Plaintiff and the C a l i f o r n i a  Class, thereby creating an express warranty that Defendants would conform to those affirmations of fact, representations, promises and descriptions.

61.     However, the Class Vehicles does not do these things as addressed above, including that they do  not last as represented by Defendants.

62.     As a result of Defendants' manufacturing the Class Vehicles, the Plaintiff and members of the C a l i f o r n i a  Class have received goods containing defective materials that substantially impair use, value and safety of their Class Vehicle and as a result.  Plaintiff and members of the C a l i f o r n i a  Class have been damaged by incurring out-of-pocket expenses, loss of use of their Class Vehicle and other damages.

63.     Pursuant to Cal. Civ. Code §§ 1793.2 and 1794, the Plaintiff and other members of the C a l i f o r n i a  Class are entitled to damages and other legal and equitable relief including, at their election, the purchase price of or a buyback of their Class Vehicle.

64.     Pursuant to Cal. Civ. Code § 1794, the Plaintiff and members of the Class are also entitled to costs and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION
**(Breach of the Implied Warranty of Merchantability in Violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791.1 & 1792 *on behalf of the Class*)**

65.     Plaintiff repeats and reallege the allegations above as if fully set forth herein.

66.     This claim is brought by the Plaintiff on behalf of themselves and the C a l i f o r n i a  Class under the SBCWA for breach of the implied warranty of

merchantability.

67.     The Plaintiff and members of the C a l i f o r n i a   Class are "buyers" within the meaning of the SBCWA and parties to the original sale. *See* Cal. Civ. Code § 1791(b).

68.     The Class Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

69.     Defendant is a "distributor" within the meaning of Cal. Civ. Code § 1791(e).

70.     Defendants impliedly warranted to the Plaintiff and the members of the C a l i f o r n i a   Class that its Class Vehicle is "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) and 1792. Section 1791.1(a) defines "implied warranty of merchantability" or "implied warranty that goods are merchantable" to mean "that the consumer goods meet each of the following: (1) Pass without objection in the trade under the contract description. (2) Are fit for the ordinary purposes for which such goods are used. (3) Are adequately contained, packaged, and labeled. (4) Conform to the promises or affirmations of fact made on the container or label."

71.     Defendants breached the implied warranty of merchantability because they distributed and sold the Class Vehicles with the false advertisement that it lasts for a long period of time.

72.     As a result of the false advertisement forn the Class Vehicles, the Plaintiff and members of the C a l i f o r n i a   Class received goods—at the point of sale—that contain a defect which substantially impairs the value of their Class Vehicles, poses a substantial failure to their paint, and has caused them to incur out-of-pocket expenses relating to the repairing of the Defective Paint and other damages.

73.     Pursuant to Cal. Civ. Code §§ 1791.1(d), 1793.2 and 1794, the

Plaintiff and members of the C a l i f o r n i a  Class are entitled to damages and other legal and equitable relief, including, at their election, the purchase price of their Class Vehicle.

74.    Pursuant to Cal. Civ. Code § 1794, the Plaintiff and members of the C a l i f o r n i a  Class are also entitled to costs and reasonable attorneys' fees.

## **FIFTH CAUSE OF ACTION**
### **(Breach of Express Warranty)**

75.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

76.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

77.    As set forth in detail above, Defendants provided the express warranty to the Plaintiff and Class members.

78.    Defendant's express warranties, and its affirmations of fact and promises made to Plaintiff and the Class regarding the Class Vehicle, became part of the basis of the bargain between Defendant and Plaintiff and the Class, thereby creating an express warranty that Defendant would conform to those affirmations of fact, representations, promises and descriptions.

79.    However, the Class Vehicles Do not do these things as addressed above, including that the Class Vehicles are defective because it's Defective Paint continuously chips and needs repainting and doesn't fulfill the lifespan as claimed by Defendants.

80.    Plaintiff and proposed Class members were injured as a direct and proximate result of Defendant's breach because (a) they would not have purchased the Class Vehicle or would not have paid as much for it had they known the true facts and (b) the Class Vehicle did not have the characteristics, uses, or benefits as promised.

## SIXTH CAUSE OF ACTION

### (Breach of Implied Warranty of Merchantability)

81.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

82.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

83.    Defendant, as the designer, manufacturer, distributor, and seller, impliedly warranted that the Class Vehicle was fit for its intended purpose and that it is "merchantable" including that it would pass without objection in the trade under the contract description, is fit for the ordinary purposes for which such goods are used, and confirms to the promises or affirmations of fact made.  Defendant did so with the intent to induce Plaintiff and Class members to purchase the Class Vehicle.

84.    Defendant breached its implied warranties because the Class Vehicles do not have the characteristics, uses, or benefits as promised and as addressed above. Instead, it's Defective Paint continuously chips and needs repainting and doesn't fulfill the lifespan as claimed by Defendants.

85.    Plaintiff and proposed Class members were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Class Vehicles or would not have paid as much for it had they known that it does not have the characteristics, uses, or benefits as promised.

## SEVENTH CAUSE OF ACTION

### (California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq. on behalf of the California Class*)

86.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

87.    Plaintiff brings this Cause of Action individually and on behalf of the

**PLAINTIFF'S CLASS ACTION COMPLAINT**

C a l i f o r n i a   Class.

88.    The Unfair Competition Law, *Cal. Bus. Prof. Code § 17200*, *et seq.* ("UCL"), prohibits any "unlawful," "unfair," or "fraudulent," business act or practice and any false or misleading advertising.

89.    The UCL, *Bus. & Prof. Code § 17200 et seq.*, provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …." The UCL also provides for injunctive relief and restitution for UCL violations. By virtue of its above-described wrongful actions, Defendants engaged in unlawful, unfair, and fraudulent practices within the meaning, and in violation of, the UCL.

90.    "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

91.    Virtually any law or regulation – federal or state, statutory, or common law – can serve as a predicate for an UCL "unlawful" violation. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012).

92.    Defendants violated the "unlawful prong" by violating the CLRA, the FAL and the SBCWA, as well as by breaching express and implied warranties as described herein.

93.    Defendants' acts and practices constitute "unfair" business acts and practices in that the harm caused by Defendants' wrongful conduct outweighs any utility of such conduct, and that Defendants' conduct: (i) offends public policy; (ii) is immoral, unscrupulous, unethical, oppressive, deceitful and offensive, and/or (iii) has caused (and will continue to cause) substantial injury to consumers, such as Plaintiff and the California Class.

**PLAINTIFF'S CLASS ACTION COMPLAINT**

94.    There were reasonably available alternatives to further Defendants' legitimate business interests, including changing the Class Vehicles development, warning consumers and the public about the Defective Paint, and recalling the Class Vehicles, other than Defendants' wrongful conduct and omissions described herein.

95.    The UCL also prohibits any "fraudulent business act or practice." Defendants' above-described claims, nondisclosures, and misleading statements were false, misleading, and likely to deceive the consuming public in violation of the UCL.

96.    As a direct and proximate result of Defendants' above-described wrongful actions, inactions, and violation of the UCL; Plaintiff's and members of the California Class have suffered injury and actual out-of-pocket losses because: (a) Plaintiff's and California Class members would not have purchased the Defective Inverter or would not have paid as much for it if they had known the true facts; (b) Plaintiff's and California  Class members purchased the Class Vehicles due to Defendants' misrepresentations and omissions; and (c) the Class Vehicles did not have the level of quality, effectiveness, or value as promised.

97.    Pursuant to Bus. & Prof. Code §17203, Plaintiff and the California Class are therefore entitled to: (a) an order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment

### (*On behalf of the Class*)

98.    Plaintiff repeats the allegations contained in the paragraphs above as if

**PLAINTIFF'S CLASS ACTION COMPLAINT**

fully set forth herein.

99.     Defendants have been, and continue to be, unjustly enriched, to the detriment of and at the expense of Plaintiff and the Class members, as a result of their conduct directed against Plaintiff and the Class as a whole, including the collection of money from the sale/lease of the Class Vehicles and the avoidance of or refusal to incur expenses associated with repair of those defective paint.

100.    Defendants have been unjustly benefitted through the unlawful or wrongful collection of money from the sale/lease of the Class Vehicles and continue to benefit to the detriment and at the expense of Class members.

101.    Accordingly, Defendants should not be allowed to retain the proceeds from the benefits conferred upon it by Plaintiff and the Class members, who seek disgorgement of Defendants unjustly acquired profits and other monetary benefits resulting from their unlawful conduct and seek restitution for the benefit of Plaintiff and the Class members, in an equitable and efficient fashion as the Court deems just and proper.

102.    Plaintiff and the Class members are entitled to the imposition of a constructive trust upon Defendants such that their unjust enrichment, unjust benefit, and ill-gotten gains may be allocated and distributed equitably by the Court to and for the benefit of Plaintiff and the Class members.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Certifying the Class and California Class and appointing Plaintiff and his counsel to represent the Class and California Class;

B. Awarding Plaintiff and the members of the Class and California Class damages, consequential damages, specific performance, and/or rescission;

**PLAINTIFF'S CLASS ACTION COMPLAINT**

C. Awarding Plaintiff and the members of the Class and California Class restitution and disgorgement of profits, or other equitable relief as the Court deems proper;

D. Enjoining Defendants from continuing to engage in unlawful business practices as alleged herein;

E. Awarding Plaintiff and the members of the Class and California Class any pre-judgment and post-judgment interest as may be allowed under the law;

F. Ordering the imposition of a constructive trust over the revenues from sales of and resulting profits received by Defendants as a result of its wrongful conduct;

G. Awarding Plaintiff and the members of the Class and California Class reasonable attorneys' fees and costs of suit, including expert witness fees; and

H. Awarding other and further relief as the Court may deem just and proper.

Dated: September 11, 2023                          **BISNAR | CHASE LLP**

By: _Ian M. Silvers_____
        Brian D. Chase
        Ian M. Silvers

**PLAINTIFF'S CLASS ACTION COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a jury trial for all claims so triable.

Dated: September 11, 2023                                **BISNAR | CHASE LLP**

*Ian M. Silvers*

Brian D. Chase
Ian M. Silvers

**PLAINTIFF'S CLASS ACTION COMPLAINT**